# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40998
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE JAVIER BANEGAS-GOMEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-608-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Jose Javier Banegas-Gomez appeals his conviction for illegal reentry after removal on the ground that his guilty plea was unknowing and involuntary. Banegas-Gomez complains that he was unaware when he pleaded guilty that his petition for review of his underlying removal order was still pending in the Second Circuit Court of Appeals and that his removal violated that circuit's policy against executing a removal order while a motion for a stay

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40998

of removal is pending.  *See Efstathiadis v. Holder*, 752 F.3d 591, 599 n.5 (2d Cir. 2014).

As Banegas-Gomez concedes, this issue was not raised in the district court and is thus reviewed only for plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  In considering whether an error is clear or obvious, we must decide whether controlling precedent has reached the issue in question or whether the legal question would be subject to reasonable dispute. *United States v. Fields*, 777 F.3d 799, 802 (5th Cir. 2015).

Banegas-Gomez has not identified any controlling Fifth Circuit or Supreme Court precedent on the issue whether a defendant pleading guilty to illegal reentry must know that his removal violated the Second Circuit's forbearance policy, nor has Banegas-Gomez shown that it is beyond reasonable dispute that such knowledge is required.  *See id.*  Accordingly, Banegas-Gomez has failed to demonstrate that the district court clearly or obviously erred in accepting his guilty plea to illegal reentry despite his lack of knowledge that his underlying removal had been executed in violation of the Second Circuit's forbearance policy.  *See Puckett*, 556 U.S. at 135.

The judgment of the district court is AFFIRMED.